UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

*FILED ELECTRONICALLY*

| | |
|---|---|
| ROBERT E. COY, | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 4:19-CV-160-JHM |
| | ) |
| LIFE INSURANCE | ) |
| COMPANY OF NORTH AMERICA, | ) |
| | ) |
| DEFENDANT | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Life Insurance Company of North America ("LINA"),[1] by counsel, hereby files this Notice of Removal to the United States District Court for the Western District of Kentucky, at Louisville, and states as follows:

1. On or about October 10, 2019 the Complaint and Summons in Case No. 19-CI-00333 was filed in the Commonwealth of Kentucky, Grayson Circuit Court by Plaintiff against LINA. A copy of the Complaint and Summons is attached hereto as Exhibit A. This Complaint and Summons, along with a stipulation of dismissal which is attached hereto as Exhibit B, constitute all pleadings, process, and orders served upon LINA to date in this action.

---

[1] The Complaint incorrectly identifies "Cigna Group Insurance a/k/a Cigna Health & Life Insurance Company a/k/a Cigna Insurance Company" as a Defendant.  The Defendant's correct legal name is Life Insurance Company of North America. The term "CIGNA Group Insurance" does not refer to any legal entity in general, to LINA, or to CIGNA Corporation specifically. This term is a registered service mark of CIGNA Intellectual Property, Inc., licensed for use by direct and indirect subsidiaries of CIGNA Corporation, including Life Insurance Company of North America.

2. LINA was served on or about October 21st, 2019. This Notice of Removal is filed within thirty (30) days after service on LINA of a copy of the Complaint and Summons in this action and Plaintiff is estopped from seeking remand of this matter on this basis.

3. On October 28, 2019, the Plaintiff filed a stipulation in the Grayson Circuit Court, voluntarily dismissing Beam Suntory, Inc., and Cigna Group Insurance, aka Cigna Health & Life Insurance Company a/k/a Cigna Insurance Company from this action, leaving LINA as the sole Defendant in the action (Exhibit B). The Stipulation dismissing Beam Suntory, Inc. and Cigna Group Insurance was entered by the Court on November 7, 2019.

4. This action is of a civil nature arising from Plaintiff's claim for an alleged breach of contract and involving a claim for benefits pursuant to an employee welfare benefit plan, specifically a claim for waiver of premium benefits pursuant to a plan established by Plaintiff's employer and funded by an insurance policy issued by LINA. (Complt. ¶27). Plaintiff also seeks a judgment declaring that he is entitled to future benefits, and he seeks an award of attorney's fees.

## FEDERAL QUESTION JURISDICTION

5. This is an action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132 and 1144, inasmuch as the Complaint claims waiver of premium benefits provided by an employee welfare benefit plan, established or maintained by Plaintiff's employer and regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* (Cmplt., ¶27)  In the Complaint, Plaintiff explicitly seeks benefits provided under a group insurance policy, which insures waiver of premium benefits under an employee benefit plan established and maintained by his employer, Beam Suntory, Inc. (i.e., the Plan). (Cmplt., ¶4).

6. The employee benefit plan established and maintained by Beam Suntory, Inc. and any claim for benefits thereunder, are subject to ERISA. (Cmplt., ¶4).

7. Based on the allegations in the Complaint, there can be no dispute that the employee benefit plan at issue, and thus this action, are governed by ERISA, and that this Court, therefore, has original federal subject matter jurisdiction over it.

8. Under the sole Count in the Complaint, Plaintiff specifically pleads that his claim under § 502(a)(1)(B) of ERISA (codified at 29 U.S.C. § 1132(a)(1)(B)). (Cmplt., ¶27).

9. As further acknowledgment that the sole claim alleged in this action is for relief under § 502(a)(1)(B) of ERISA, Plaintiff has not made a demand for trial by jury. *See Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 616 (6th Cir. 1998).

10. For the foregoing reasons, Plaintiff's action is removable to this Court pursuant to 29 U.S.C. § 1441 as an action founded upon a claim or right arising out of the laws of the United States. An action relating to benefits provided by an ERISA plan is properly removable, even if the defense of ERISA preemption does not appear on the face of the Complaint. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63, 107 S. Ct. 1542 (1987).

WHEREFORE, Defendant, Life Insurance Company of North America, hereby gives notice of this removal from the Grayson Circuit Court to the United States District Court for the Western District of Kentucky, at Owensboro.

        Respectfully submitted,

        /s/Mitzi D. Wyrick
        Mitzi D. Wyrick
        David A. Calhoun
        WYATT, TARRANT & COMBS, LLP
        500 West Jefferson Street, Suite 2800
        Louisville, Kentucky 40202-2898
        (502) 589-5235
        (502) 589-0309
        mitziwyrick@wyattfirm.com
        dcalhoun@wyattfirm.com
        *Counsel for Defendant, Life Insurance Company of North America*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 12th day of November, 2019 the foregoing Notice of Removal was filed with the clerk using the Court's CM/ECF System. The undersigned further certifies a copy of same was served this 12th day of November, 2019 upon:

Alton L. Cannon
1453 Elizabethtown Road
P.O. Box 427
Leitchfield, KY 42755-0427
*Counsel for Plaintiff, Robert Coy*

        /s/Mitzi D. Wyrick
        *One of Counsel for Defendants*

61887995.1